**JUDGE ENGELMAYER**

Christopher M. Schierloh

**CASEY & BARNETT, LLC**

65 West 36th Street, 9th Floor

New York, New York 10018

(212) 286-0225

Attorneys for Plaintiff

**11 CV 7885**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o ANCHOR HOCKING,
LLC,

          Plaintiff,

       - against -

KAWASAKI KISEN KAISHA d/b/a/ K LINE,

          Defendant.

--------------------------------------------------------------X

2011 Civ.

**COMPLAINT**

Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, by and through its attorneys, Casey & Barnett, LLC, as and for its Complaint, alleges upon information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2.    At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA" or "Plaintiff") was and is a corporation with an office and place of business located at 140 Broadway, 40th floor, New York, New York, 10005 and was, as more specifically described below.

3.     At all material times, ANCHOR HOCKING, LLC (hereinafter "ANCHOR") was and is a corporation with an office and place of business located at 1115 West 5th Avenue, Lancaster, OH 43130 and was the intended consignee of a consignment of glassware that is the subject matter of this litigation.

4.     At all material times, defendant KAWASAKI KISEN KAISHA d/b/a/ K LINE (hereinafter "K-Line") was and is a corporation with an office and place of business located at 8730 Stony Point Parkway, Suite 400, Richmond, VA 23235 and was and is doing business within the jurisdiction of this Honorable Court as a common carrier of goods by sea.

5.     Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6.     On or about January 26, 2011 a consignment consisting of 661 packages of glassware, laden into container KKFU7020922, then being in good order and condition, was delivered to the M/V HANJIN CHITTAGONG and to defendant, K-Line, at Weisswasser, Germany for transportation to Columbus, OH via Norfolk, VA, in consideration of an agreed freight, pursuant to K-Line bill of lading number KKLURTM110014, dated Jan 26, 2011.

7.     On or about January 26, 2011, the aforesaid container was loaded aboard the M/V HANJIN CHITTAGONG at the port of Bremerhaven and the vessel departed for its intended destination.

8.      While enroute to Norfolk, Virginia, the aforementioned container allegedly fell overboard and it, along with the consignment of glassware stored within, were lost at sea.

9.      Defendant had a duty to carefully load, handle, stow, carry, care for, and deliver the cargo of glassware to the consignee in same good condition as when received.

10.     Defendant failed to meet his obligation to carefully load, handle, stow, carry, and deliver the goods to the consignee.

11.     The loss of the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, and breach of contract of carriage on the part of the defendant.

12.     At all times relevant hereto, a contract of insurance for property damage was in effect between ANCHOR and IINA, which provided coverage for, among other things, loss or damage to the consignment of glassware.

13.     Pursuant to the aforementioned contract of insurance between ANCHOR and IINA, monies have been expended on behalf of ANCHOR to the detriment of IINA due to the alleged loss of the cargo sustained during transit.

14.     As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, IINA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

15.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $58,000.00.

**WHEREFORE,** Plaintiff prays:

1.      That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2.      That judgment may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages in the amount of at least $58,000.00, together with interests, costs and the disbursements of this action; and

3.      That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      November 3, 2011
      115-1185

                        **CASEY & BARNETT, LLC**
                        Attorneys for Plaintiff

By: _____
                        Christopher M. Schierloh (CS-6644)
                        65 West 36th Street, 9th Floor
                        New York, New York 10018
                        (212) 286-0225